VERNE THOMSEN AND TED DABERKOW, DOING BUSINESS AS J & L HAY CO., APPELLANTS, V. FARMERS MUTUAL UNITED INSURANCE CO., INC., FORMERLY KNOWN AS FARMERS NATIONAL INSURANCE ASSOCIATION OF DODGE COUNTY, APPELLEE.

485 N.W.2d 179

Filed June 12, 1992.   No. S-89-1381.

Michael B. Kratville, of Kratville Law Offices, for appellants.

Donald G. Blankenau, of Edstrom, Bromm, Lindahl & Wagner, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from a summary judgment in favor of appellee, Farmers Mutual United Insurance Company, hereafter Farmers, and against the appellants, Verne Thomsen and Ted Daberkow.

In their petition, appellants alleged that Thomsen was the owner of a certain John Deere combine, serial No. 2633, and that Daberkow, doing business as J & L Hay Company, was the owner and holder of a security interest in the same combine. The appellants also alleged that Thomsen purchased a policy of insurance for the combine on November 7, 1985, from appellee, which policy, among other coverage, provided protection from vandalism and malicious destruction of property.

The appellants further alleged theft of the combine and destruction of it by persons unknown on or about November 29, 1985. A subsequent claim for the loss was denied, and a lawsuit followed. In its answer, Farmers admitted the issuance of the policy, but denied that Thomsen and Daberkow had an insurable interest in the combine and stated that, in any event, the policy afforded no coverage for the claimed loss.

At the hearing on the motion for summary judgment, Farmers introduced a number of exhibits, including the affidavit of Farmers' attorney, which stated that on June 28, 1989, a request for admission was served on the appellants' former attorney, Alan H. Kirshen, pursuant to Neb. Ct. R. of Discovery 36(a) (rev. 1989). A response was not filed within 30 days, and the request was deemed admitted. A request for admission under rule 36 is admitted unless within 30 days, or within such shorter or longer time as designated by the court, a written answer or objection is filed by the party to whom the

request is directed.

The request for admission, as admitted, established that neither Thomsen nor Daberkow was the owner of the combine on November 7, 1985, that they did not have an insurable interest therein, and that they actively misrepresented the true facts to Farmers. Appellants' first assignment of error is that the trial court erred in not allowing Thomsen and Daberkow to file late answers to the request for admission.

The appellants argue in their brief that Kirshen secreted files and mail from his partners and that they, as well as Kirshen's partner Michael B. Kratville, had no knowledge of the request for admission until the date of the hearing on the motion for summary judgment. They argue that Kirshen was ordered disbarred by this court, see *State ex rel. NSBA v. Kirshen*, 232 Neb. 445, 441 N.W.2d 161 (1989), and that to grant a summary judgment penalizes them because of the unethical acts of a former attorney.

As stated, all of the above assertions are raised in appellants' brief. No affidavit setting forth the facts was presented to the trial judge, nor, in fact, was there a motion for leave to file late answers. The assignment is not meritorious.

The second assignment of error, that the court erred in granting Farmers' motion for summary judgment, is frivolous. The failure to answer establishes that the appellants had no ownership or insurable interest in the combine, and thus, no genuine issue of material fact was asserted. The judgment is affirmed.

AFFIRMED.